| | |
|---|---|
| 1 | SULLIVAN, HILL, LEWIN, REZ & ENGEL |
|   | A Professional Law Corporation |
| 2 |   James P. Hill, CA SBN 90478 |
|   |   Barton L. Jacka, NV SBN 7031 |
| 3 |   Marilyn S. Scheer, CA SBN 132544 |
|   | 550 West C Street, Suite 1500 |
| 4 | San Diego, CA 92101 |
|   | Telephone: (619) 233-4100 |
| 5 | Fax Number: (619) 231-4372 |

Attorneys for William A. Leonard, Jr.,
Chapter 7 Trustee

SHEA & CARLYON, LTD.
  Candace C. Carlyon, NV SBN 2666
  Brett J. Barratt, NV SBN 8368
233 South Fourth Street, Suite 200
Las Vegas, NV 89101
Telephone: (702) 471-7432
Fax Number: (702) 471-7435

Local Counsel for William A. Leonard, Jr.,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re | CASE NO. BK-S-03-17306-LK |
|  | Chapter 7 |
| NATIONAL AUDIT DEFENSE NETWORK, | ADV. NO. |
| Debtor. | **TRUSTEE'S COMPLAINT FOR AN ACCOUNTING AND TURNOVER PURSUANT TO 11 U.S.C. § 542** |
| WILLIAM A. LEONARD, JR., Chapter 7 Trustee, |  |
| Plaintiff, | Judge:   Hon. Bruce A. Markell |
| vs. |  |
| NORTH AMERICAN BANCARD, INC. AND HSBC BANK USA, NATIONAL ASSOCIATION. |  |
| Defendants. |  |

-1-

::ODMA\PCDOCS\PCDOCS\234225\1

**TRUSTEE'S COMPLAINT FOR AN ACCOUNTING AND TURNOVER PURSUANT TO 11 U.S.C. § 542**

The Plaintiff, William A. Leonard, Jr., as Chapter 7 trustee alleges:

## I.

## JURISDICTION AND PARTIES

1. This case was commenced when National Audit Defense Network, Inc. (the "Debtor" or "NADN") filed for voluntary relief under Chapter 11 of the Bankruptcy Code on June 11, 2003. The Debtor's case was converted to one under Chapter 7 on May 27, 2004. William A. Leonard, Jr. was appointed as the duly qualified and acting Chapter 7 trustee (the "Trustee") of the Debtor's estate on May 27, 2004. The Trustee is currently administering the Debtor's estate for the benefit of creditors.

2. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §§ 157 and 1334.

3. This adversary action is commenced pursuant to section 542 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001.

4. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(E). This action relates to the bankruptcy case of <u>In re National Audit Defense Network</u>, Case No. BK-S-03-17306-LK, presently pending in the United States Bankruptcy Court for the District of Nevada.

5. HSBC Bank USA, N.A. ("HSBC") is a national bank, incorporated in the States of New York and Delaware with its principal place of business located in Buffalo, New York.

6. North American Bancard, Inc. ("NAB") is a domestic business corporation, incorporated in the State of Michigan with its principal place of business located in Troy, Michigan.

7. At all times relevant hereto, the Debtor maintained a written merchant agreement with HSBC and NAB, which allowed for NADN's customers to use their credit cards to pay for NADN's products and services by having such transactions processed by NAB. A true and correct copy of the parties' agreement entitled, "Merchant Service Agreement," is attached hereto as Exhibit 1.

///

///

## II.

## FIRST CLAIM FOR RELIEF FOR TURNOVER

### (For an Accounting)

8. The Trustee realleges paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. The Debtor operated its business at its offices located in Las Vegas, Nevada and Santa Monica, California. Prior to conversion of its case to Chapter 7, the Debtor was engaged in the business of providing business and tax strategies to various entities and individuals throughout the country.

10. The Trustee is informed and believes, and based thereon alleges, that during the time the Debtor was engaged in business, substantial sums of money were exchanged between the Debtor and HSBC and NAB.

11. At the time of conversion of this case to Chapter 7, the Trustee is informed and believes, and based thereon alleges that HSBC and NAB held at least $212,382.65 in funds belonging to the Debtor's estate.

12. The Trustee has made repeated demands on HSBC and NAB for an accounting of these funds pursuant to Section 542 of the Bankruptcy Code, but a full accounting and turnover of funds due the Debtor's estate has been refused.

13. The funds held by HSBC and NAB constitute property which the Trustee may use under Section 363 of the Bankruptcy Code.

14. The Trustee seeks a detailed accounting from HSBC and NAB for all funds held for Debtor, including but not limited to a breakdown of all funds HSBC and NAB received, collected and disbursed, beginning 90 days prior to the Debtor's filing of the Chapter 11 petition on June 11, 2003 through the present.

15. Such accounting should also include any charges and fees assessed against the Debtor's funds held by HSBC and NAB.

/ / /

/ / /

## III.

## SECOND CLAIM FOR RELIEF

### (For Turnover of Funds)

16. The Trustee realleges paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Section 542 of the Bankruptcy Code entitled: "Turnover of property to the estate" provides in pertinent part that "an entity. . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

18. The Trustee hereby seeks immediate turnover of all funds currently held by HSBC and NAB that constitute the property of the Debtor's estate.

WHEREFORE, the Trustee respectfully prays for judgment joint and severally against the Defendants, HSBC Bank USA, National Association and North American Bancard, Inc. jointly and severally as follows:

1. For an order requiring the turnover to the Trustee of all funds currently held by HSBC and NAB, which constitute property of the Debtor's estate, with a complete accounting thereof from March 10, 2003 through the present.

2. For an award of interest on the principal amount at the maximum legal rate, calculated from the date of the Trustee's first demand for turnover on June 3, 2004;

3. For the costs of suit; and

4. For such other relief as the Court deems just and equitable under the circumstances.

Dated:  February 1, 2005                          SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                                  A Professional Law Corporation


                                                  By:    */s/ Marilyn S. Scheer*
                                                         Marilyn S. Scheer
                                                         Attorneys for William A. Leonard, Jr.,
                                                         Plaintiff and Chapter 7 Trustee

**TRUSTEE'S COMPLAINT FOR AN ACCOUNTING AND TURNOVER PURSUANT TO 11 U.S.C. § 542**